IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Shannon A., William A., on               )
behalf of themselves and their           )     2:11-cv-0718-GEB-GGH
children: C.A., T.A., D.A., and          )
L.A., minors,                            )
                                         )     ORDER DISMISSING PLAINTIFFS'
              Plaintiffs,                 )     FEDERAL CLAIMS IN FIRST
                                         )     AMENDED COMPLAINT
         v.                              )
                                         )
Orland Unified School District,          )
Sue Anderson, James Corona,              )
Terry Deen, Darcie Gill, Steve           )
Hiscock, and Christopher Von             )
Kleist,                                  )
                                         )
              Defendants.                 )
_____          )

          Pending   are   three   separate   dismissal   motions   filed
respectively on June 8, 2011 by Defendants Terry Deen and Orland Unified
School District; on June 16, 2011 by Defendant James Corona; and on July
6, 2011 by Defendants Sue Anderson, Darcie Gill, Steve Hiscock and
Christopher Von Kleist. (ECF Nos. 7, 8, 13.) Each movant seeks dismissal
of Plaintiffs' First Amended Complaint ("FAC"). In addition, Defendant
Deen includes in his motion his qualified immunity affirmative defense
against the federal false arrest claims alleged against him. Further, on
June 16, 2011, Defendant James Corona filed a motion to strike
Plaintiffs' claims alleged against him. (ECF No. 9.) Since federal
questions are the sole potential basis of subject matter jurisdiction,
and since Plaintiffs' federal claims are insufficiently pled and it is
unclear whether Plaintiffs will be able to state an actionable federal

1

claim, in consideration of principles of judicial economy and comity only Plaintiffs' federal claims are addressed. See Gonzalez v. Recontrust Co., No. C 08-05485 JW, 2009 WL 656275, at *4 (N.D. Cal. Mar. 12, 2009) ("since supplemental jurisdiction is derivative, a court should not exercise supplemental jurisdiction until after it has independently acquired jurisdiction over a federal cause of action").

Plaintiffs concede in their opposition briefs that the school district and any claim alleged against a defendant in his or her official capacity should be dismissed based on Eleventh Amendment immunity. Plaintiffs also concede that their HIPAA claim should be dismissed. Therefore, these claims are dismissed.

When deciding a motion to dismiss a complaint, an inquiry is made into "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009)). The material allegations of the complaint are accepted as true and all reasonable inferences are drawn in favor of the nonmovant. Al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). However, this tenet "is inapplicable to legal conclusions," since "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). "In sum, for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d

1  962, 969 (9th Cir. 2009) (internal citation omitted).

2      Defendants Sue Anderson, Darcie Gill, Steve Hiscock and
3  Christopher Von Kleist request in their dismissal motion that the Court
4  take judicial notice of "public records of the Orland Unified School
5  District, the Glenn County District Attorney's Office, the Glenn County
6  Superior Court, and the Orland Police Department," which are attached to
7  the declaration of private investigator Robert Cregan. However, since it
8  has not been shown that these records are eligible for judicial notice,
9  the request is denied.

10      Plaintiffs' federal claims are based on the following
11  allegations. "On January 11, 2010, [minor Plaintiff] L.A. was ill, saw
12  his Physician Defendant Dr. Corona, and secured a 'doctor's note,'
13  (here-to-fore 'Doctor's Excuse Note') for that date." (FAC ¶ 19.) Truant
14  Officer Defendant Terry Deen called Dr. Corona's Office "to verify said
15  Doctor's Excuse Note" for minor Plaintiff L.A.'s absence from school,
16  and "Dr. Corona falsely informed . . . DEEN that L.A. did not have a
17  doctor's excuse from that office for [the] absence on 1-11-10." Id. ¶¶
18  21-22. Plaintiffs further allege that "Defendant Terry DEEN signed an
19  affidavit supporting felony charges of forging a document to be entered
20  into evidence at a hearing against Shannon and William A.[; and that
21  s]ubsequently, a warrant was sought and obtained by the Glenn County
22  District Attorney's Office for the arrest of Shannon and William A." Id.
23  ¶¶ 24-25. Plaintiffs further allege: "The arrest warrants had been
24  requested by the Glenn County District Attorney's office on a sworn
25  affidavit of . . . Truant Officer Defendant Terry DEEN. Both cases were
26  dismissed as groundless by Judge Peter Twede, Glenn County Superior
27  Court." Id. ¶¶ 30-31.

28      Plaintiffs allege that Defendants "acted under color of state

law to deprive plaintiffs . . . of constitutionally-protected rights . . . by falsely arresting Shannon and William A." Id. ¶ 49. Plaintiffs also allege that Defendants "engaged in acts in furtherance of the object of a conspiracy" to violate Plaintiffs' constitutionally protected rights. Id. ¶ 58. However, Plaintiffs' conclusory allegations are insufficient to state viable federal claims.

Plaintiffs' factual allegations against Defendant Deen are premised on Plaintiffs' unsupported conclusory indication that Deen knew or should have known that his affidavit contained inaccurate, false or misleading information. However, nothing in the FAC supports drawing this inference or otherwise supports Plaintiffs' federal claims against Deen. Since a viable federal claim is not stated against Deen, it is unnecessary to decide whether Deen prevails on his qualified immunity defense.

Further, Plaintiffs concede in an opposition brief that "Defendants Anderson, Gill, Hiscock and Von Kleist were not present nor did they actually sign documents that initiated the criminal proceedings[;]" and therefore, Plaintiffs have not stated a federal claim for false arrest against these Defendants. (Opp'n 22:24-26, ECF No. 22.) Nor have Plaintiffs alleged sufficient facts to state a viable federal conspiracy claim. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988-89 (9th Cir. 2001) (stating the Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences[,]" and that "[a]n indispensable element of a claim under 42 U.S.C. § 1985(3) is some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action [.]") (citations and internal quotation marks omitted). Therefore, Plaintiffs' federal claims are dismissed.

1    However, Plaintiffs argue they should be provided an

2 opportunity to file a amended complaint.  This request will be granted.

3 Plaintiffs are granted ten (10) days from the date on which this order

4 is filed to file an amended complaint in which they address the

5 deficiencies in any dismissed federal claim, other than the claims that

6 Plaintiffs agreed should be dismissed, and in any pled state claim based

7 on "arguments raised by Defendants . . . ." <u>Manuel v. Discovery Home</u>

8 <u>Loans</u>, No. C 10-01185 JSW, 2010 WL 2889510, at *5 (N.D. Cal. July 22,

9 2010).

10    IT IS SO ORDERED.

11 Dated:  December 30, 2011

12

13    _____
      GARLAND E. BURRELL, JR.

14    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28