IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON A., WILLIAM A., on behalf of themselves and their children: C.A., T.A., D.A., and L.A., minors,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ORLAND UNIFIED SCHOOL DISTRICT, SUE ANDERSON, JAMES CORONA, TERRY DEEN, DARCIE GILL, STEVE HISCOCK, and CHRISTOPHER VON KLEIST, AND DOES 1-100,<br><br>　　　　　Defendants. | 2:11-cv-0718-GEB-GGH<br><br><u>ORDER GRANTING DEFENDANT JAMES CORONA'S MOTION TO DISMISS; DENYING MOTION TO STRIKE</u>[*] |

　　　　Defendant Dr. James Corona ("Dr. Corona") moves under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for dismissal of Plaintiffs' claims against him in the Second Amended Complaint ("SAC"), arguing that Plaintiffs' factual allegations are insufficient to support their claims. (Mot. to Dismiss ("Mot."), 10:18-20, ECF No. 39-1.) Dr. Corona also moves to strike portions of Plaintiff's SAC. (ECF No. 40.) However, this motion is denied as moot in light of the decision below on the Rule 12(b)(6) motion.

　　　　Decision on Dr. Corona's Rule 12(b)(6) dismissal motion requires determination of "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads

---

　　　[*]　　This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Id. (citation and internal quotation marks omitted); see also Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

Plaintiffs allege the following four claims against Dr. Corona in the SAC: a violation of their Fourth Amendment rights against unreasonable seizure; negligence; negligent infliction of emotional distress; and, a violation of their California constitutional right to privacy. Plaintiffs' claims against Dr. Corona are based on the following factual allegations:

> [O]n January 11, 2010, Shannon A. brought L.A. to Defendant Dr. CORONA. . . . CORONA's office issued a "doctor's note," . . . for that date.
>
> On or about January 20, 2010, Dr. CORONA falsely informed Defendant Terry DEEN that L.A. did not have a doctor's excuse from that office for an absence on 1-11-10. Without a proper release, Dr. CORONA, released information to Defendant Terry DEEN, indicating that his records showed that he had not seen L.A. [o]n Jan. 11, 2010.

(SAC ¶¶ 76-77, 79-80.)

**A.   Violation of the Fourth Amendment**

Plaintiffs concede in their opposition brief that their Fourth Amendment claim against Dr. Corona should be dismissed. (Opp'n 4:6-7, ECF No. 42.) Therefore, this claim against Dr. Corona is dismissed.

**B.   Negligence**

Dr. Corona argues Plaintiffs' negligence claim should be dismissed since "the information obtained from Dr. CORONA [regarding] whether or not [L.A.] saw Dr. CORONA on January 11, 2010, is not [protected] information." (Mot. 6:19-22.)

"In order to establish negligence under California law, a plaintiff must [allege] . . . (1) duty; (2) breach; (3) causation; and (4) damages." Ileto v. Glock Inc., 349 F.3d 1191, 1203 (9th Cir. 2003).

Plaintiffs allege that Dr. Corona had a duty under the Health Insurance Portability and Accountability Act ("HIPAA") "to protect the confidences of [Plaintiff L.A.'s] medical care and treatment," and that it can be presumed that Dr. Corona acted negligently because he violated HIPAA's requirements. (SAC ¶¶ 175, 177.)

HIPAA prescribes that "[a] covered entity may not use or disclose protected health information." 45 C.F.R. § 164.502(a). Plaintiffs' factual allegations in their negligence claim do not support drawing a reasonable inference that Dr. Corona disclosed information that "[r]elates to the past, present, or future physical . . . condition of [L.A., or] the provision of health care to [L.A.]" 45 C.F.R. § 160.103 (defining "Health Information" under HIPAA); see also Jackson v. Jamaica Hosp. Med. Ctr., 61 A.D. 3d 1166, 1169 (N.Y. App. Div. 2009) (finding that disclosure of information documented in medical records regarding when an event occurred "cannot be characterized as protected

3

health information [under HIPAA], as it has no apparent connection to the [patient's] physical condition or medical care"). Therefore, Plaintiffs' negligence claim against Dr. Corona is dismissed.

**C.   Negligent Infliction of Emotional Distress**

Dr. Corona argues Plaintiffs' negligent infliction of emotional distress claim should be dismissed since this "claim . . . is not an independent tort, but rather one of negligence" and Plaintiffs "[fail] to state sufficient facts" to allege an actionable negligence claim. (Mot. 7:20-24.) In response, Plaintiffs "concede that this cause of action should be folded into their . . . negligence [claim] and so move to amend." (Opp'n 7:16-18.)

Plaintiffs' claim for negligent infliction of emotional distress against Dr. Corona is dismissed since Plaintiffs have not alleged an actionable negligence claim.

**D.   California Constitutional Right to Privacy**

Dr. Corona argues Plaintiffs' California constitutional right to privacy claim should be dismissed since "there is no legally protected privacy interest as to whether or not [he] issued the alleged doctor's note in question" and "L.A. putting the [excuse note] at issue between himself and school officials constitutes a waiver of any privilege or reason for confidentiality that may have existed." (Mot. 9:9-10, 10:3-4.)

"A plaintiff alleging an invasion of privacy in violation of the state constitutional right to privacy must establish each of the following: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." Am. Acad. of Pediatrics v. Lungren, 16 Cal. 4th 307, 330 (1997) (internal quotation

4

marks omitted).

Plaintiffs allege Dr. Corona "violated Article I, Section 1 of the California Constitution in that [he] permitted disclosure of L.A.['s] medical records and history to a third party without [L.A.'s] consent." (SAC ¶ 191.)

Plaintiffs oppose dismissal, arguing that L.A. "had a protected privacy interest in his medical history as well as the confidential communication between the physician-patient relating to L.A.'s medical condition on the date in question." (Opp'n 9:8-10.) However, Plaintiffs' factual allegations are insufficient to justify drawing a reasonable inference that Dr. Corona disclosed L.A.'s medical history or confidential communications relating to L.A.'s medical condition.

Therefore, Plaintiffs' California constitutional right to privacy claim is dismissed.

**E.   Conclusion**

Dr. Corona's motion to dismiss Plaintiffs' claims against him is GRANTED. Plaintiffs are granted fourteen (14) days from the date on which this order is filed to file a Third Amended Complaint addressing the deficiencies discussed in this order.

Dated:  April 27, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge