UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shannon A., William A., on behalf of themselves and their children: C.A., T.A., D.A., and L.A., minors,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ORLAND UNIFIED SCHOOL DISTRICT, Sue ANDERSON, James CORONA, Terry DEEN, Darcie GILL, Steve HISCOCK, Christopher VONKLEIST, and DOES 1 -100,<br><br>　　　　　Defendant. | No. 2:11-cv-00718-TLN-DAD<br><br>**ORDER** |

Before this Court are three First Amended Petitions to Approve Compromise of Pending Action brought by D.A., L.A., and T.A., all minors, by and through their parent and Guardian ad Litem W.A.[1]  (ECF No. 81.)  For the reasons set forth below, the Court GRANTS the petitions.

---

[1] Plaintiff's motion to appoint William A. as guardian ad litem was unopposed.  (*See* Statement of Non-Opposition, ECF Nos. 83, 84, 85.)  This Court granted the motion on September 4, 2013.  (Minute Order, ECF No. 86.)

1

**BACKGROUND**

Plaintiffs are two adults, S.A. and W.A., and their four children, C.A.[2], T.A., D.A., and L.A. As set forth in the Plaintiffs' Complaint, L.A., a minor, stayed home from school in January 2010 due to illness; the same day L.A. visited Defendant Dr. Corona. When L.A. returned to school, he submitted a doctor's note to the school excusing his absence for the previous day. However, when the school called Defendant Dr. Corona, he claimed that L.A. did not visit him and therefore did not have a doctor's excuse for his school absence. The discrepancy was reported to the district attorney's office who in turn issued arrest warrants for S.A. and W.A. S.A. and W.A. were arrested in front of their children and charged with forgery. The superior court dismissed the charges against S.A. and W.A.; this civil case ensued. Plaintiffs filed this action against the Orland Unified School District, several school and district staff and administrators, and L.A.'s treating physician, Dr. Corona. The operative complaint asserts the following claims for relief: (1) violation of civil rights under 42 U.S.C. § 1983, (2) violation of Fourth Amendment, (3) conspiracy to interfere with civil rights under 42 U.S.C. § 1985, (4) malicious prosecution, (5) negligent retention and supervision, (6) intentional infliction of emotional distress, (7) negligence and negligent infliction of emotional distress, (8) negligence per se, (9) violation of California constitutional right to privacy, and (10) civil conspiracy. (Third Am. Compl., ECF No. 49.)

On April 26, 2013, the parties filed a notice of settlement. (Notice of Settlement, ECF No. 68.) Specifically, Plaintiff W.A. filed the three petitions for compromise on behalf of the minors, T.A., D.A., and L.A. (Pet. to Approve Compromise of Pending Action (Minor), ECF No. 70.) On August 9, 2013, in accordance with a minute order issued by this Court, the Plaintiffs filed First Amended Petitions to Approve Compromise of Pending Action (Minor) to comply with the Court's redaction requirements. (ECF No. 80.) The Settlement Agreement settles all claims asserted against Defendants Anderson, Dr. Corona, Deen, Gill, Hiscock, and Von Kleist. The parties agreed that S.A. would be voluntarily dismissed with prejudice by stipulation. (Compromise Agreement and Release, ECF. No. 80-1, ¶ 2.) Defendants Anderson, Corona,

---

[2] Plaintiffs' original complaint was filed in 2011. (Compl., ECF No. 1.) Since that time C.A. has reached majority age.

Deen, Gill, Hiscock, and Von Kleist filed non-oppositions to the petition for settlement and notices of intention to not appear at the hearing. (Response with Notice of Non-Opp'n and Non-Appearance by Defs., ECF No. 75; Def. Corona Response with Notice of Non-Opp'n and Non-Appearance, ECF No. 76.)

## LEGAL STANDARD

This Court has a special duty to safeguard the interests of litigants who are minors. *See* Fed. R. Civ. P. 17(c) (addressing representation for minors and incompetents). In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, [] even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem") (internal citation omitted).

Similarly, Local Rule 202 addresses settlements for minors and provides in pertinent part:

> **(b) Settlement.** No claim by . . . a minor . . . may be settled or compromised absent an order by the Court approving the settlement or compromise.
>
> . . .
>
> **(2) Approval in All Other Actions.** . . . The application [for minor's compromise] shall disclose, among other things, the age and sex of the minor . . . , the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent. . . .
>
> . . .
>
> **(c) Disclosure of Attorney's Interest.** When the minor . . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed . . . and whether the attorney has received or expects to receive any

compensation, from whom, and the amount.

. . .

**(e) Payment of Judgment.** Whenever money or property is recovered on behalf of a minor . . . the money or property will be (1) disbursed to the representative pursuant to state law upon a showing that he is the duly qualified representative under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . . .

Based upon a review of the submissions by Plaintiffs' counsel, this Court finds the Petitions include the information required by this Court's Local Rule 202(b)(2) and (c), and the proposed settlement set forth is fair, reasonable and proper, with the exception of providing $600 cash to the minors D.A., L.A. and T.A.  The Court finds no reason why such funds should not be included in the minors blocked accounts available to them once they reach the age of majority.

Furthermore, the Court finds that the requested attorneys' fees in the amount of $3,750 representing 25% of the gross settlement amount, and requested reimbursement of costs are fair given the complexity of this litigation, lengthy motion practice, and the amount of work performed by Plaintiffs' counsel.

## CONCLUSION

For the foregoing reasons the Court hereby orders the following:

1. The First Amended Petitions for Approval of Compromise of Pending Action (ECF No. 80) are GRANTED;
2. $2,687.45 representing D.A's share of the settlement shall be deposited in a blocked account held with a banking institution that is insured with the Federal Deposit Insurance Corporation until the minor reaches the age of majority;
3. $2,687.45 representing L.A's share of the settlement shall be deposited in a blocked account held with a banking institution that is insured with the Federal Deposit Insurance Corporation until the minor reaches the age of majority;
4. $2,687.45 representing T.A's share of the settlement shall be deposited in a blocked account held with a banking institution that is insured with the Federal Deposit Insurance Corporation until the minor reaches the age of majority; and

4

5. The remaining settlement monies shall be distributed in accordance with the parties' settlement agreement.

**IT IS SO ORDERED.**

Dated: September 5, 2013

                                              Troy L. Nunley
                                              United States District Judge